OPINION
{¶ 1} Eric Bass appeals from his conviction in Champaign County Common Pleas Court of two counts of Sexual Battery.
 {¶ 2} Bass was originally indicted upon two counts of Rape, one count of Sexual Battery, and one count of Corruption of a Minor. He entered a negotiated plea of guilty to two counts of Sexual Battery on August 8, 2001.
 {¶ 3} On September 18, 2001, the trial court conducted a sexual predator classification hearing and determined that Bass was a sexual predator. The trial court considered a pre-sentence investigation report and the affidavit of two juveniles who asserted that Bass had made sexual advances toward them on a prior occasion.
 {¶ 4} The investigation report reported the details surrounding the sexual battery convictions. The first offense occurred on August 19, 2000 and involved the rape of H.S. who was fifteen years old at the time of the offense. The defendant was twenty-three years old at the time. H.S. reported to Urbana police that Bass raped her as she was sleeping on a couch at a friend's apartment. She said Bass used a condom during the sexual conduct. H.S. said she reported the rape immediately to her friend, Sara, and to her mother. A rape kit was submitted to the Bureau of Criminal Identification with negative results.
 {¶ 5} The second incident involved L.M. and occurred on or about the first of March 2001. The victim's mother brought her twelve year old daughter, L.M., to the Urbana Police Department. L.M. reported that Bass forced her to perform oral sex on him.
 {¶ 6} The defendant was interviewed by Chris Burnett, State Parole/Probation Officer who said Bass admitted that L.M. performed oral sex on him but that she agreed to do so. Bass said he thought L.M. was sixteen years of age. Bass denied to the investigator that he had a sexual problem. Bass denied abusing alcohol or drugs and his only criminal history involved convictions for petty misdemeanors.
 {¶ 7} The trial court found that Bass was a sexual predator for the following stated reasons:
 {¶ 8} "1. Defendant is guilty of two sexually-oriented offenses.
 {¶ 9} "2. Each of the offenses was part of a separate and distinct set of circumstances.
 {¶ 10} "3. The offender's age in relation to the age of each of the victims.
 {¶ 11} "4. The pattern of conduct by the Defendant in these two convictions.
 {¶ 12} "5. The pattern of conduct in separate instances where no criminal charges were filed.
 {¶ 13} "6. The pattern of conduct in a separate instance where a criminal charge was dismissed.
 {¶ 14} "7. The increasing age disparity between Defendant and the victims or people involved in situations where no criminal charges were filed.
 {¶ 15} "8. The nature of the sexual offenses."
 {¶ 16} The trial court sentenced Bass to two concurrent four year sentences. The trial court stated that it weighed the statutory sentencing factors and concluded that the factors that determined that defendant's conduct was more serious were that the injury was exacerbated by the age of the victims, the victims suffered serious harm, the defendant's relationship with the victims facilitated the offenses, and the defendant has a history of criminal convictions. In determining whether Bass was likely to reoffend, the trial court restated the same reasons and included a finding that Bass showed no genuine remorse for his offenses. The court also stated it did not impose the shortest term of incarceration because it would demean the seriousness of the offense and would not adequately protect the public.
 {¶ 17} In his first assignment, Bass contends the trial court's finding that he is a sexual predator is against the manifest weight of the evidence. In his second and third assignments, Bass contends the trial court relied on unreliable hearsay in order to find him a sexual predator.
 {¶ 18} In particular, Bass complains that the trial court should not have placed any reliance or weight on the affidavits of the two juveniles who stated that Bass made sexual advances upon them. Both juveniles were apparently fifteen years of age. The State argues that the young girl's affidavits were reliable hearsay and in any event, Bass had ample notice that the State intended to use the affidavits and Bass could have subpoenaed the girls to the predator hearing for purposes of cross-examination. The State cites this court's case of State v.Wombold, Montgomery App. No. 18720, 2002-Ohio-4111 in support of that proposition.
 {¶ 19} Bass contends there was no evidence that his victims suffered serious psychological harm or that his relationship with the victims facilitated his offenses. The trial court, however, did not consider these factors in making the predator determination.
 {¶ 20} In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held that the Ohio Rules of Evidence do not apply to sexual predator hearings and thus reliable hearsay such as presentence investigation reports may be relied upon by the trial judge. In Cook, the trial court relied on a victim impact statement as well as a presentence report, and at least one appellate court has held the statement to be admissible as reliable hearsay. See, State v. Boskko (2000),139 Ohio App.3d 827.
 {¶ 21} A trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court of that fact by clear and convincing evidence. R.C. 2950.09(C)(2)(b). We review appellant's assignment of error under the manifest weight of the evidence standard set forth in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. See e.g. State v. Elbert (March 20, 2000), Stark App. No. 1999CA00193, unreported, 2000 WL 329899. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.
 {¶ 22} The Ohio Supreme Court has held:
 {¶ 23} "A judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion what weight, if any, he or she will assign to each guideline. Pursuant to R.C. 2950.09(B)(2), a judge may also consider any other evidence that he or she deems relevant to determining the likelihood of recidivism." State v. Thompson,92 Ohio St.3d 584, 2001-Ohio-1288, paragraph one of the syllabus. The Court further stated that "determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case." Id., at 588. The statute does not direct the court what weight, if any, to give to each factor. Id., at 587-588.
 {¶ 24} The trial court properly considered the statutory factors of the offender's age, the victim's ages, and whether there were multiple victims of the defendant's sexual conduct. A sexual predator is a person who has been convicted of a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E)(1).
 {¶ 25} It was not unreasonable for the trial court to find by clear and convincing evidence that Bass would likely engage in the future in sexually oriented offenses where Bass did not restrain himself from committing or attempting to commit sexual offenses with very youthful victims. The victims in these cases were, after all, young teenage girls and he was in his twenties. There being some, substantial, probative evidence to support the trial court's finding that Bass is a sexual predator, his first assignment of error must be overruled. The trial court properly considered reliable hearsay and thus Bass's second and third assignments are overruled as well.
 {¶ 26} In his fourth assignment, Bass contends the trial court abused its discretion in sentencing him to four years on each count of sexual battery. Bass argues that the trial court made no specific findings concerning the seriousness and recidivism factors and improperly considered the two affidavits of the female juveniles in imposing the sentences upon him.
 {¶ 27} Bass had not previously served a prison term, and thus R.C. 2929.14(B) requires the statutory minimum sentence to be imposed "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." To make those findings, the court must consider the factors of seriousness and recidivism set forth in R.C. 2929.12 together with other factors of seriousness and recidivism that are apparent on the record.
 {¶ 28} R.C. 2929.12(B) provides that the trial court shall consider as indicating that the offender's conduct is more serious than normal conduct constituting the offense, and the psychological or mental injury suffered by the victim of the offense because of the physical or mental condition or age of the victim. No medical or psychological evidence was presented at the sentencing or in the pre-sentence report. The children's parents offered no evidence on this statutory factor. The conduct elicited in the report by the defendant certainly is more serious than the conduct described in the sexual battery statute. R.C. 2907.03. The conduct relating to both victims amounts to rape. It also can be inferred from this record that the mental injury suffered by these victims were exacerbated by virtue of their age.
 {¶ 29} We agree with Bass that there was no evidence presented by the State that the victims suffered serious physical or psychological harm as a result of these offenses. Serious physical harm to persons means any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment. See, R.C.2901.01(A)(5).
 {¶ 30} We agree with the trial court that Bass's relationship with his victims facilitated the offenses. In H.S.'s situation, Bass took advantage of his relationship with the victim's friend, Chad Fraley, to assault H.S. In L.S.'s situation, Bass again used a social situation to ingratiate himself with the twelve year old victim to assault her.
 {¶ 31} In considering whether Bass would reoffend, the trial court properly considered Bass's prior criminal record and his lack of genuine remorse. R.C. 2929.12(D)(2) and (5).
 {¶ 32} Bass was convicted of sexual battery, a third degree felony. Bass could have received a maximum sentence of five years on both offenses to be served consecutively. He received two concurrent four year sentences. We do not find any abuse of discretion present in the court's sentencing of appellant. His fourth assignment is likewise overruled.
 {¶ 33} In his last assignment, Bass argues that his trial counsel was ineffective because he failed to object to the State's use of the two juveniles' affidavits in the sentencing and predator hearing. Bass argues that there is no legitimate strategy for not requiring the juveniles to have appeared in person and be subjected to cross-examination.
 {¶ 34} The State argues that the affidavits were reliable hearsay and admissible and in any event could not reasonably have affected the outcome of the predator determination or the defendant's sentence. We agree. Also counsel may have felt that the juveniles' live testimony may have proven more compelling then their affidavits.
 {¶ 35} In determining whether a defendant has been deprived of the effective assistance of counsel "counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley
(1989), 42 Ohio St.3d 136, paragraph two of the syllabus. "To show that a defendant has been prejudiced by counsel's performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Bass has failed to demonstrate that his trial counsel was constitutionally ineffective. The fifth assignment of error is overruled.
 {¶ 36} The judgment of the trial court is Affirmed.
WOLFF, J., concurs.